In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 05-4596

MERRY CLARK, on behalf of
and as next friend of A.C., Minor,
and S.C., Minor,

*Plaintiff-Appellant*,

*v.*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 05 C 822—**John Daniel Tinder**, *Judge.*

———————

ARGUED SEPTEMBER 19, 2006—DECIDED JANUARY 8, 2007

———————

Before RIPPLE, MANION, and WOOD, *Circuit Judges.*

MANION, *Circuit Judge.* Merry Clark, on behalf of her two minor children A.C. and S.C., sued State Farm Mutual Auto Insurance Company ("State Farm"), alleging that State Farm breached the terms of its insurance policy's underinsured motor vehicle ("UIM") provision when it denied the Clark children's UIM claims. The district court concluded that the driver of the automobile that

injured the Clark children was not operating an under-insured motor vehicle as defined by Indiana's underinsured motorist statute. Accordingly, the district court held that the Clark children were not entitled to recovery under the terms of the policy's UIM provision and granted summary judgment in favor of State Farm. The Clark children appealed. We affirm.

## I.

Merry Clark, her then husband, Robert Clark, and their minor children, A.C. and S.C. (collectively "the Clarks"), were involved in a motor vehicle collision in Crawfordsville, Indiana. All of the Clarks sustained injuries as a result of the collision. At the time of the collision, the Clarks were operating an automobile owned by Jerald and Martha Day, which was insured under a liability policy issued by State Farm. The driver of the other vehicle involved in the collision, Billy Akers, allegedly caused the collision due to his negligence. Akers died from the injuries he sustained in the collision. He was insured under a liability policy issued by American Family Mutual Insurance Company ("American Family").

Akers' American Family policy contained liability limits of $100,000 per person and $300,000 per accident. American Family settled Merry and Robert Clark's claims against it for a payment of $100,000 each, leaving $100,000 of the policy's per accident limit remaining to resolve A.C.'s and S.C.'s (collectively "the Clark children") claims. Merry Clark accepted on behalf of the Clark children, and with State Farm's consent entered into a settlement for the remainder of Akers' American Family per-accident policy limit. Pursuant to the final settlement, A.C. received $75,000 and S.C. received $25,000.

Following the final settlement with American Family, Merry Clark submitted a claim to State Farm on behalf of the Clark children for UIM benefits under the Days' State Farm policy. The UIM coverage in the Days' State Farm policy states:

> We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle. Bodily injury must be sustained by an insured and caused by an accident arising out of the operation, maintenance or use of an underinsured motor vehicle.

(Policy at 13.) The Limits of Liability provision of State Farm policy's UIM coverage provides:

1. The amount of coverage is shown on the declarations page under "Limits of Liability—W—Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person. "Bodily injury to one person" includes all injury and damages to others resulting from this bodily injury. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person," for all damages due to bodily injury to two or more persons in the same accident.

. . .

5. The most we pay any one insured is the lesser of:

   a. the difference between the "each person" limit of this coverage and the amount paid to the insured by or for any person or organization who is or may be held legally liable for the bodily injury; or

b.  the difference between the amount of the insured's damages for bodily injury and the amount paid to the insured by or for any person or organization who is or may be held legally liable for the bodily injury.

Subject to 5.a. and 5.b. above, the maximum amount payable to all insureds under this coverage is the difference between the "Each Accident" limit of liability of this coverage and the amount paid all insureds by or for any person or organization who is or may be held legally liable for the bodily injury.

(Policy at 15.) The State Farm policy's UIM coverage provides a per-person liability limit of $100,000 and a per-accident liability limit of $300,000. (Policy Coverages.)

State Farm denied the Clark children's UIM claims. Merry Clark then filed suit on behalf of the Clark children against State Farm in Indiana state court. State Farm successfully removed the case to the United States District Court for the Southern District of Indiana, invoking the district court's diversity jurisdiction. The district court subsequently granted State Farm's motion for summary judgment. It found that Indiana's underinsured motor vehicle statute, Indiana Code § 27-7-5-4(b), requires the court to compare the relevant limits in the claimant's UIM policy to the actual amount available to the claimant under the other insurer's policy. Under the Indiana statute, if the amount available to the claimant is less than the claimant's insurance policy's relevant UIM liability limit (i.e., per-person or per-accident), the other vehicle is deemed an underinsured motor vehicle and UIM coverage is invoked. *Id.* Since more than one of the Clarks were injured in the collision, the district court looked to the amount actually available to the Clarks

collectively under Akers' per-accident liability limit ($300,000) and compared that amount to the UIM per-accident coverage in the Days' State Farm policy ($300,000). It concluded that the vehicle Akers operated was not an underinsured motor vehicle because the per-accident liability limit contained in Akers' insurance policy (the full amount of which was paid to the Clark family) was equal to the State Farm policy's UIM per-accident coverage. The Clark children appeal.

## II.

We first examine whether this court may exercise jurisdiction over this case. During oral argument, the panel questioned the parties regarding whether this case satisfied the amount in controversy requirement of 28 U.S.C. § 1332. Specifically, the panel questioned whether diversity jurisdiction was proper if neither of the Clark children's individual claims on appeal exceeds $75,000 (i.e., $75,000 by S.C. and $25,000 by A.C.). It is well settled that while an individual plaintiff's multiple claims against a single defendant may be aggregated to determine diversity jurisdiction, the separate claims of multiple plaintiffs against a single defendant cannot be aggregated to meet the jurisdictional requirement. *See Sarnoff v. Am. Home Prods. Corp.*, 798 F.2d 1075, 1077 (7th Cir. 1986) (stating that "when there is more than one plaintiff each one's claim must exceed the statutory minimum . . . [and those] claims cannot be aggregated" (citing *Hixon v. Sherwin-Williams Co.*, 671 F.2d 1005, 1007-09 (7th Cir. 1982)). The amount in controversy requirement, however, must be determined by the district court at the beginning of the suit, and is not dependent on subsequent dismissal of individual claims used to satisfy the jurisdictional threshold. *Johnson v.*

*Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) ("Whether § 1332 supplies subject-matter jurisdiction must be ascertained at the outset; events after the suit begins do not affect the diversity jurisdiction.").

In their supplemental briefs, the parties argued that the amount in controversy requirement was satisfied because the Clark children's original complaint included claims against State Farm for bad faith seeking compensatory and punitive damages, in addition to their breach of contract claims currently before this court. The district court granted summary judgment in favor of State Farm on both claims, but the Clark children only elected to appeal their breach of contract claim. "Generally, we give plaintiffs the benefit of the doubt in these matters, but a complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (internal quotations omitted) ("We have no quarrel in principle with the idea that punitive damages may sometimes be taken into account in deciding whether the proper amount is in controversy."). Indiana law recognizes a cause of action against an insurer for breaching its duty to exercise good faith in evaluating claims, and it permits recovery of punitive damages. *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518-20 (Ind. 1993) (stating that "the recognition of an independent tort for the breach of the insurer's obligation to exercise good faith provides the tort upon which punitive damages may be based"). Accordingly, we give both of the Clark children the benefit of the doubt that their original contractual and bad faith claims sought total damages in excess of $75,000, and find that the district court properly exercised its diversity jurisdiction.

### III.

On appeal, the Clark children argue that the district court erred in granting summary judgment in favor of State Farm. Specifically, the Clark children claim that State Farm's denial of their claims breached the terms of its policy's UIM coverage because, although the Clark family collectively received a settlement from Akers' insurance company equal to State Farm's UIM per-accident liability limit ($300,000), A.C.'s and S.C.'s individual recoveries from Akers ($75,000 and $25,000, respectively) were less than the State Farm policy's UIM per-person liability limit ($100,000). They arrive at their calculation by first asserting that Indiana's underinsured motor vehicle statute defines an underinsured motor vehicle in terms of the limits of coverage "available" for payment from other insurers. Because the law does not make a distinction between a policy's UIM per-person and per-accident liability limits, they claim the per-person liability limit should apply. With four people injured, this would total $400,000. The aggregate per-accident liability limit under Akers' American Family policy is $300,000. Thus, the Clark children argue that the combined $100,000 they received ($75,000 to A.C. and $25,000 to S.C.) is $100,000 less than the total of the State Farm policy's UIM provision's per-person liability limit ($200,000), thus making Akers underinsured. Because, under the Clark children's formulation, $100,000 still is available to them under the State Farm policy's UIM provision, they claim the district court erred in granting summary judgment in favor of State Farm.

We review the district court's grant of summary judgment de novo. *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1012 (7th Cir. 2006). The district court concluded, and

the parties agree, that there are no material disputed facts and this appeal only involves a question of law. This appeal exclusively focuses on whether the district court properly concluded that Akers was not operating an underinsured motor vehicle as defined under Indiana Code § 27-7-5-4(b),[1] and whether that finding entitled State Farm to a judgment as a matter of law, Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To make that determination, our task is to apply the Indiana law as we believe the Supreme Court of Indiana would if faced with the same issue. *See Wolverine Mut. Ins. v. Vance ex rel. Tinsley*, 325 F.3d 939, 942 (7th Cir. 2003). Accordingly, we look to the way the Indiana courts have construed Indiana's underinsured motorist statute.

Indiana's underinsured motorist statute allows insurers and their insured to set their own UIM liability limits, but it prescribes the comparative mechanism for determining whether an insured is eligible to collect under a policy's UIM provision. *See Corr v. Am. Family Ins.*, 767 N.E.2d 535, 540-41 (Ind. 2002). The statute defines an underinsured motor vehicle as follows:

> (b) For the purpose of this chapter, the term underinsured motor vehicle, subject to the terms and conditions of such coverage, includes an insured motor vehicle where the *limits of coverage available for payment to the insured* under all bodily injury liability policies covering persons liable to the insured *are less*

---

[1] It is undisputed that in this diversity action, the substantive law of the forum, Indiana, controls. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

*than the limits for the insured's underinsured motorist coverage at the time of the accident*, but does not include an uninsured motor vehicle as defined in subsection (a).

Ind. Code § 27-7-5-4(b) (emphasis added).

At the time the district court issued its opinion granting summary judgment in favor of State Farm, some uncertainty in the Indiana case law remained regarding which liability limit—per-person or per-accident—the court should compare to determine whether a vehicle meets the statute's definition of underinsured motor vehicle. The Court of Appeals of Indiana held in *Allstate Insurance Co. v. Sanders*, 644 N.E.2d 884 (Ind. Ct. App. 1994), that the proper comparison is between the relevant *per-accident* liability limit when there are multiple-injured claimants. *Id.* at 886-87. "[T]he statute's focus is on placing the insured in the position he would have occupied if the tortfeasor had liability coverage qual to his underinsured motorist limits." *Id*. at 887. In a subsequent case, however, the Supreme Court of Indiana held in *Corr v. American Family Insurance*, 767 N.E.2d 535 (Ind. 2002), that the court must look to the actual amount available to the claimant and compare that amount to the other policy's UIM *per-person* liability limit when there is a single-injured claimant. *Id.* at 538-40. The Clark children argue that the Supreme Court of Indiana's decision in *Corr* implicitly overruled the Appellate Court of Indiana's decision in *Sanders*. Specifically, the Clark children assert that *Corr* stands for the proposition that, regardless of whether there are multiple-injured claimants or a single-injured claimant, the proper method for determining whether a vehicle is underinsured is by comparing the amount actually available to each individual claimant with the other policy's

UIM *per-person* liability limit. Under the Clark children's proposed method, the four people injured in the collision with Akers would each have UIM coverage for up to $100,000 (an aggregate of $400,000), even though the State Farm policy's UIM per-accident liability limit was $300,000.

Less than two weeks after the Clark children filed their appellate brief, the Court of Appeals of Indiana addressed this exact issue in *Grange Insurance Co. v. Graham*, 843 N.E.2d 597 (Ind. Ct. App. 2006), a case which is both factually and legally analogous to this case. The *Graham* court resolved the issue in accord with the district court's interpretation of Indiana Code § 27-7-5-4(b),[2] and rejected the argument that *Corr* implicitly overruled *Sanders*. *Id.* at 601. Quoting *Sanders*, the *Graham* court stated that the statute's guiding principle is to place " 'the insured in the position he would have occupied if the tortfeasor had liability coverage equal to [the insured's] underinsured motorist limits.' " *Id.* (quoting *Sanders*, 644 N.E.2d at 887). To effectuate that principle, the *Graham* court noted that different approaches are necessary for claims involving multiple-injury claimants and claims involving single-injury claimants. *Id.* at 601-02. Like the district court in this case, the *Graham* court found that when there are multiple injured claimants seeking to recover under a single UIM policy, the court will "look not only to the per-person limitation with respect to each individual claimant, but also to the per-accident limit with respect to the total of all of the claims." *Id.*

The *Graham* court explained that its approach effectuates the Indiana statute's goal of "'giv[ing] the insured

---

[2]  The Clark children did not file a reply brief.

the recovery he or she would have received if the underinsured motorist had maintained an adequate policy of liability insurance.'" *Id.* at 602 (quoting *Corr*, 767 N.E.2d at 540). "'[A]dequate' in this context is defined by the insured's underinsurance policy." *Id.* The *Graham* court found that the total amount available to the multiple claimants from the other tortfeasor's insurance policy's per-accident liability limit was $300,000. *Id.* That was the same amount available under the multiple claimants' own policy's UIM per-accident liability limit. *Id.* Thus, the *Graham* court held that the other tortfeasor was not an underinsured motorist within the meaning of Indiana Code § 27-7-5-4(b), and the multiple claimants were not entitled to collect under the UIM provision in their own policy.

The Court of Appeals of Indiana's analysis in *Graham* is thoroughly reasoned and soundly decided. We thus find that the Supreme Court of Indiana likely would apply the same reasoning if faced with the issues presented in *Graham*. Accordingly, we apply that reasoning here. Under the *Graham* approach, we first determine if Akers was operating an underinsured motor vehicle at the time of the collision. Because this case involves multiple-injured claimants, we compare the actual amount available to the Clarks under the per-accident liability limit in Akers' American Family policy to the UIM per-accident liability limit in the Days' State Farm policy. If the per-accident liability limit in Akers' American Family policy and the amount actually available to the Clarks were equal to or greater than the UIM per-accident liability limit in the Days' (the car owners) State Farm policy, then Akers was not operating an underinsured motor vehicle within the meaning of Indiana Code § 27-7-5-4(b).

As noted above, the Clarks collectively recovered $300,000 from American Family, which was the full extent of Akers' insurance policy's per-accident liability. That was the same amount that the Clarks could have recovered under the UIM per-accident liability limit in the Days' State Farm policy. Because the potential per-accident recovery was the same under both policies, the Clarks' recovery from Akers' insurer was adequate. Accordingly, we affirm the district court's conclusion that Akers was not an underinsured motorist and A.C and S.C. were not entitled collect from State Farm.

## IV.

The district court granted summary judgment in favor of State Farm because Akers was not operating an underinsured motor vehicle as defined by Indiana Code § 27-7-5-4(b), since the Clarks' collective recovery from Akers' insurer was equal to the UIM per-accident liability limit in State Farm's policy. The district court's analysis was in accord with Indiana case law interpreting § 27-7-5-4(b), and it was reinforced by the Court of Appeals of Indiana's recent decision in *Grange Insurance Co. v. Graham*, 843 N.E.2d 597 (Ind. Ct. App. 2006). Accordingly, the district court's grant of summary judgment is AFFIRMED.

No. 05-4596                                                    13

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*