NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**


Argued May 1, 2007
Decided November 30, 2007


**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*


| | |
|---|---|
| No. 06-3330 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| Evelyn Clark and Bradley Eldred, *Plaintiffs-Appellants*, | |
| | No. 03 C 7882 |
| *v.* | |
| | **James F. Holderman**, *Chief Judge*. |
| Experian Information Solutions, Inc. and ConsumerInfo.com, Inc., *Defendants-Appellees*. | |


**O R D E R**

Evelyn Clark and Bradley Eldred pursue this putative class action lawsuit against ConsumerInfo.com and its owner, Experian Information Solutions, Inc., asserting claims for deceptive trade practices, negligent misrepresentation, and unjust enrichment under Illinois law. The district court denied class certification and granted summary judgment to the corporations on Clark and Eldred's individual claims. Clark and Eldred appeal both the denial of class certification and the judgments against them. We affirm.

I.

Evelyn Clark and Bradley Eldred each filled out a form on a website, ConsumerInfo.com (CIC), requesting a free credit report which was offered in conjunction with a free one-month trial subscription for a credit monitoring service. They input their personal information, including credit card numbers, and agreed to the terms on the website. They claim they did not realize, however, that if they did not cancel the trial subscription with the credit monitoring service within thirty days, CIC would bill them $79.95 for an annual subscription. Both failed to cancel the subscription within the allotted time, and a charge appeared for the annual fee on each of their credit card statements the following month. Clark, after noticing the charge on her credit card statement, contacted both CIC and her credit card company. She received a pro-rata refund of $70.99 from CIC, and the credit card company reimbursed her an additional $8.95. Eldred paid the fee for three years before disputing the charge in the fourth year, claiming that he had not authorized any of the annual charges.

The CIC website visited by Clark and Eldred was not very clear. In particular, the website emphasized that the credit report was "free" and involved "no obligation." The disclosure for the need to cancel the accompanying credit monitoring service was obscurely placed in a section of the application inaptly labeled "Privacy Policy Notice." The Federal Trade Commission filed a complaint alleging that the marketing for the credit reporting service was deceptive and in violation of the Federal Trade Commission Act. CIC settled the dispute without admitting the allegations, but agreed to refund consumers' charges and pay $950,000 to the Commission. The Better Business Bureau also reacted to the website by suspending CIC's membership based on a pattern of complaints and giving CIC an "F" rating for its "questionable marketing method." Additionally, VISA met with CIC to discuss the high number of chargebacks, in which VISA would refund to complaining customers the purchase price, incurred as a result of CIC's free credit report marketing. Clark and Eldred were among the consumers allegedly deceived by this website.

Claiming that the website had misled her into enrolling in a credit monitoring service that she did not want, Clark filed suit in Illinois state court as an individual and on behalf of a class, and the defendants removed the case to the Northern District of Illinois based on diversity of citizenship. The second amended complaint added plaintiff Eldred and alleged claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2 ("ICFA"), negligent misrepresentation, and unjust enrichment. Plaintiffs proposed certifying

a class of all Illinois residents who were charged for the credit monitoring service after August 29, 2000, but never accessed the service. (Plaintiffs limited the proposed class to those who never accessed the service since they were most likely deceived by the marketing.) The district court denied class certification, finding that class issues did not predominate. Following cross-motions for summary judgment on the individual claims, the district court granted summary judgment to CIC. Plaintiffs appeal.

## II.

We review the district court's decision to deny class certification for abuse of discretion. *Payton v. County of Carroll*, 473 F.3d 845, 847 (7th Cir. 2007) (citation omitted). Federal Rule of Civil Procedure 23(a) outlines the requirements for pursing a class action, stating:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Thus, as we have explained, "[t]he district court may certify a class of plaintiffs if the putative class satisfies all four requirements of Federal Rule of Civil Procedure 23(a) — numerosity, commonality, typicality, and adequacy of representation — and any one of the conditions of Rule 23(b)." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (citations omitted). In this case, plaintiffs sought certification under section 23(b)(3), which requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs bear the burden of proving that a class should be certified. *Oshana*, 472 F.3d at 513 (citation omitted).

The district court denied class certification because the plaintiffs failed to demonstrate that common issues predominate under Rule 23(b)(3). Specifically, the district court focused on the elements of a claim under ICFA, holding that establishing such a claim required individualized proof. Because of the need for individualized proof, the district court found that common class issues did not

predominate. Plaintiffs argue that the website was deceptive per se, and therefore no individualized finding of proximate cause would be required.

We agree with the district court and our prior case law confirms that a claim under ICFA requires individualized proof. A claim for consumer fraud under the ICFA contains five elements: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E. 2d 801, 856 (Ill. 2005) (citation omitted). Furthermore, "in a case alleging deception under the [Consumer Fraud] Act, it is not possible for a plaintiff to establish proximate causation unless the plaintiff can show that he or she was, 'in some manner, deceived' by the misrepresentation." *Id.* at 861 (citation omitted). Satisfaction of this element requires individualized proof.

We previously considered and rejected the argument that *per se* deceptiveness absolves a plaintiff from making individualized proofs of proximate cause under the ICFA. *See Oshana*, 472 F.3d at 513-15. We concluded that "a private cause of action under the ICFA requires a showing of proximate causation." *Id.* at 514-15 (citing 815 Ill. Comp. Stat. 505/10a; *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002) ("Unlike an action brought by the Attorney General under [815 Ill. Comp. Stat. 505/2], which does not require that 'any person has in fact been misled, deceived or damaged[,]'. . . a private cause of action brought under [815 Ill. Comp. Stat. 505/10a] requires proof of 'actual damage.' . . . [and] proof that the damage occurred 'as a result of' the deceptive act or practice." (citations omitted))). Accordingly, to demonstrate proximate cause each member of the class would have to prove that the deceptive nature of the website caused each of them to enroll in the credit monitoring service and incur unwanted charges. Such causation cannot necessarily be inferred from the fact that the class is defined as members who did not access the service; individuals could have enrolled in the service knowingly and chosen not to access it. Furthermore, even though the Federal Trade Commission and the Better Business Bureau found the website to be deceptive, this does not mean that all class members were deceived. Although not prominently displayed, the website did contain notice of the need to cancel, which individuals could have seen. Illinois law requires a finding of proximate causation under ICFA, and does not provide for such causation to be inferred. *Oliveira*, 776 N.E.2d at 164 ("[T]o properly plead the element of proximate causation in a private cause of action for deceptive advertising brought under the Act, a plaintiff must allege that he was, in some manner, deceived." (citing *Zekman v. Direct Am. Marketers*, 695 N.E.2d 853, 862 (Ill. 1998)). Based on this interpretation of ICFA, and the additional need to assess individual damages depending on the length of

enrollment and any refunds procured, the district court concluded that class issues did not predominate. [1] Such a determination follows rationally from the need for individualized proof and is not an abuse of discretion. *See Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998).

Plaintiffs further argue that even if class certification was not granted entirely, it should have been granted in part under Federal Rule of Civil Procedure 23(c)(4)(A). The district court is not obligated to grant partial certification if particular issues are common to a class. Fed. R. Civ. P. 23(c)(4)(A) ("an action *may* be brought or maintained as a class action with respect to particular issues" (emphasis added)). Again, we review the district court's decision to deny partial certification for an abuse of discretion. *Payton*, 473 F.3d at 847 (citation omitted). Although the district court did not explicitly address partial certification, we find the rationale for denying class certification generally to be applicable. Because of the need for individualized findings in such a large class, little efficiency would be gained by certifying a class for only particular issues. We find no basis for concluding that the district court abused its discretion, which as previously noted is a difficult standard to meet. *Keele*, 149 F.3d at 592. Accordingly, we affirm the district court's decision denying class certification and partial certification.

Since the district court did not abuse its discretion in denying certification of the class claims, we proceed to analyze the claims of the individual plaintiffs on which the district court granted summary judgment to CIC. We review the district court's grant of summary judgment de novo. *Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 712 (7th Cir. 2007) (citation omitted). Regarding Clark's claims,

---

[1] We need not discuss the certification of the negligent misrepresentation or unjust enrichment claims because plaintiffs have not sufficiently addressed those claims in their opening brief on appeal, and those claims are therefore forfeited. *Steen v. Myers*, 486 F.3d 1017, 1020-21 (7th Cir. 2007) (citing *Luellen v. City of E. Chicago*, 350 F.3d 604, 612 (7th Cir. 2003), for the proposition that "arguments not made in the appellant's brief are forfeited"). Specifically, plaintiffs address the claims in two sentences near the conclusion of their briefs with a citation only to the district court opinion and only in relation to Eldred's claims. Plaintiffs purport to preserve those claims in their reply brief because the district court used the same analysis for each of the three claims. Plaintiffs, however, do not discuss the elements of these causes of action or provide substantive analysis, resulting in forfeiture. *See J.S. Sweet Co., Inc. v. Sika Chem. Corp.*, 400 F.3d 1028, 1035 n.2 (7th Cir. 2005) (citation omitted). Even if the court were to reach these claims, they would similarly fail because negligent misrepresentation requires a showing of reliance and unjust enrichment requires a showing of damages for each plaintiff. *See Clark v. Experian Info., Inc.*, 233 F.R.D. 508, 511 (N.D. Ill. 2005) (collecting cases).

the opening brief refers to the factual basis for her claims in only one paragraph and mentions her name in the conclusion; the brief provides no analysis or citations regarding her claims. All we know for sure is that as soon as she complained, she got all of her money back. This is insufficient argumentation to preserve the issue on appeal and is forfeited. *Ross Bros. Constr. Co. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 875 (7th Cir. 2002) (noting forfeiture of "arguments raised in a conclusory or underdeveloped manner on appeal").  The only remaining claims are therefore those of Eldred.

The district court determined that Eldred failed to demonstrate proximate cause.  Eldred argues that the he satisfied the element of proximate cause because the website deceived him.  Eldred's own deposition testimony, however, fails to demonstrate his deception.  Specifically, Eldred's memory is insufficient to make his case, which is understandable given that Eldred enrolled in the credit monitoring service in 2001 and paid bills for the service for three years before canceling the service in 2005.  He testified that he did not remember what he read on the website. ("Q. . . . when you were on the website, did you read the language? A.  Well, I can't remember whether I did or not . . . I'm not even sure if this is the same [web] page I was looking at when I ordered the credit report, so I don't know.")  He acknowledged, however, after counsel read to him the language on the website, that he could have understood from that language in the terms that he needed to cancel his trial membership to avoid a charge. ("Q.  If you had read this language at the time you visited the website, you would have understood that you were going to be charged $79.95 after the [free trial] membership expired?  A.  That's what it says here.")  This is insufficient to prove that the website deceived Eldred into enrolling in the credit monitoring service.  Eldred even speculated at his deposition that he could have returned to the website the following day to cancel his enrollment, suggesting that he could have read and known about the need to cancel the subscription ("maybe I went in for the free [credit report] and the next day I went in and cancelled").  In sum, Eldred has failed to show that the website proximately caused his alleged deception and enrollment in the credit monitoring service.  Accordingly, CIC is entitled to summary judgment.

III.

Because the ICFA requires individualized proof of proximate cause, the district court did not abuse its discretion in finding that class issues did not predominate and denying class certification or partial certification for particular issues.  Regarding summary judgment on the individual claims, plaintiffs forfeited Clark's claims by failing to pursue them on appeal.  Eldred's claims fail because his testimony does not

demonstrate that the website deceived him into enrolling in the credit monitoring service. Accordingly, we AFFIRM the judgment of the district court in all respects.