Suzanne GARDNER, Emily Winter Lipps and Delores Riggs, Appellants–Plaintiffs,

v.

STATE FARM MUTUAL INSURANCE COMPANY, Appellee–Defendant.

No. 29A02–9106–CV–256.

Court of Appeals of Indiana, Second District.

April 7, 1992.

---

Mary A. Findling, Price & Barker, W. Scott Montross, Townsend, Hovde & Montross, Indianapolis, for appellants-plaintiffs.

John D. Cochran, Jr., Kenneth M. Wahnsiedler, Young, Cochran & Reese, Indianapolis, for appellee-defendant.

BUCHANAN, Judge.

## CASE SUMMARY

Appellants-plaintiffs Suzanne Gardner (Gardner), Emily Lipps (Lipps), and Delores Riggs (Riggs) (collectively referred to as the Plaintiffs) appeal the denial of their complaint for declaratory judgment.

We affirm.

## FACTS

On October 3, 1988, Lipps, Riggs and Mary Naughton (Naughton) were traveling on State Road 37 in Hamilton County in a car driven by Gardner. As they approached an intersection at which Gardner was not required to stop, the driver of another car, Lucille Doty (Doty), who was stopped at a stop sign on a street intersecting with State Road 37, pulled out into the path of the Gardner automobile. The collision which resulted killed Doty and Naughton and left the other passengers with serious injuries and medical expenses of more than $100,000 per person.

At the time of the collision, Gardner was insured under a comprehensive automobile policy issued by State Farm Mutual Automobile Insurance Co. (State Farm), which limited liability to $100,000 per person and $300,000 per accident. The Plaintiffs, who each had received $25,000 from Doty's insurance policy with American States Insurance Company (American States), also made claims under the State Farm policy. Naughton's Estate, which had also settled with American States for $25,000, did not make a claim under the State Farm policy.

Under the terms of the insurance policy, State Farm was entitled to a set-off for the amount paid to all insureds by or for any person or organization liable for the insured's injuries. Citing the $25,000 payments American States made to each of the four claimants, State Farm set off $100,000

of the $300,000 per accident limit of its policy. State Farm then divided the remaining $200,000 equally allowing the plaintiffs to recover $66,666.66 each.[1]

The Plaintiffs claim State Farm should have excluded from the set-off amount the $25,000 American States paid to the estate. Under the Plaintiffs' interpretation, only $75,000 of the $300,000 coverage should have been set off, thus entitling the three Plaintiffs to the remaining $225,000 or $75,000 each.

On February 13, 1990, the Plaintiffs' filed a complaint for declaratory judgment. Following a change of venue, the parties stipulated to the facts and the Plaintiffs agreed to accept the $66,666.66 payments with the reservation that they could still pursue their claims for underpayment. The trial court, on March 26, 1991, entered findings of fact and conclusions of law favoring State Farm's interpretation. Those conclusions of law are:

### "CONCLUSIONS OF LAW

1. The policy ... is a valid and enforceable provision of the State Farm policy issued to the Plaintiff, Suzanne Gardner.

2. Said provision (hereinafter "policy limitation") sets out a distinct and separate "per accident" limitation to the liability of State Farm for payment pursuant to the underinsured motorist coverage afforded by said State Farm policy. This policy limitation sets forth a formula for determining the maximum amount which may be paid to all insureds per accident pursuant to the underinsured motorist coverage afforded by said State Farm policy.

3. The language of this policy limitation is clear and unambiguous when read in the context of the entire policy issued by State Farm to Plaintiff, Suzanne Gardner.

4. The State Farm policy limitation does not violate the Indiana statutory provision pertaining to uninsured/underinsured motorist coverage.

5. The State Farm policy limitation does not violate the public policy of the State of Indiana.

6. Since the total payment by the tortfeasor's liability carrier, American States Insurance Company, to the insureds of said State Farm policy was $100,000.00, the total amount of money payable pursuant to the underinsured motorist coverage afforded by the State Farm policy issued to Plaintiff, Suzanne Gardner, is $200,000.00.

7. By previously paying an aggregate amount of $200,000.00 to the Plaintiffs herein, State Farm has fully and completely satisfied and discharged its liability for underinsured motorist coverage, arising out of the automobile accident which occurred on October 3, 1988, in which the Plaintiffs herein and Mary Naughton were insured."

*Record* at 202-3.

### ISSUES

On appeal from the entry of declaratory judgment in favor of State Farm, the Plaintiffs raise two issues, which we restate as:

1. Whether the trial court erred in not applying Ind. Code 27-7-5-5(c) (1988) [hereinafter "the underinsured motorist statute"] so that the Plaintiffs recover $75,000 each for their underinsured motorist claims?

2. Whether State Farm's insurance policy should have been interpreted to permit the Plaintiffs to each recover $75,000 for their underinsured motorist claims?

### DECISION

ISSUE ONE—Whether the trial court erred in not applying the underinsured motorist statute so that the Plaintiffs recover

---

1. Actually Gardner received one more cent than the other Plaintiffs so the total recovered would be $200,000. For the sake of simplicity, we will treat the three Plaintiffs as having received an equal amount.

$75,000 each for their underinsured motorist claims?

PARTIES' CONTENTIONS—Gardner claims that the underinsured motorist statute provides a set formula for determining how much underinsurance coverage is available to victims of automobile collisions who are not fully compensated by the tortfeasor, and that State Farm's policy is invalid because it provides for less coverage than that set out in the underinsurance statute. State Farm responds that its policy provisions are not contrary to the underinsurance motorist statute.

CONCLUSION—The trial court did not err in its interpretation of the underinsured motorist statute.[2]

■ The underinsurance statute outlines the amount of coverage an insurance company is obligated to provide to a victim who is not fully compensated by the tortfeasor:

"(a) The policy or endorsement affording coverage specified in this chapter may provide that the total of all insurers' liability arising out of any one (1) accident shall not exceed the highest limits under any one (1) policy applicable to the loss, but in no event may coverage be less than the minimum set forth in IC 9–2–1–15.[3]

.  .  .  .  .

(c) The maximum amount payable for bodily injury under uninsured or underinsured coverage is the lesser of:

(1) the difference between:

(A) the amount paid in damages to the insured by or for any person or organization who may be liable for the insured's bodily injury; and

(B) the per person limit of uninsured or underinsured motorist coverage provided in the insured's policy; or

(2) the difference between:

(A) the total amount of damages incurred by the insured; and

(B) the amount paid by or for any person or organization liable for the insured's bodily injury."

The Plaintiffs focus on subsection (c) of the underinsurance statute as providing the formula for determining the amount an insurance company *must* pay a person injured by an underinsured motorist, and claim that State Farm's "per accident" limit is void because it does not reflect that statutory formula. To render such an interpretation, however, one must frustrate the obvious intent of the legislature to set a *maximum* and *minimum* level of recovery: "The *maximum* amount payable for bodily injury under uninsured or underinsured coverage ..." IC 27–7–5–5(c) (emphasis supplied.) "[B]ut in no event may coverage [for an underinsured motorist claim] be less than the *minimum* set forth in IC 9–2–1–15." IC 27–7–5–5(a) (emphasis supplied.)

This language is indicative not of the legislature's intent to provide a set formula, but to provide maximum and minimum parameters for the amount of damages a plaintiff is entitled to as a result of an underinsured motorist claim. Thus, if by applying State Farm's "per accident" provision, its coverage is still within these statutory parameters, the policy does not violate the underinsured motorist statute. This determination leads to consideration of the next issue—an interpretation of the State Farm policy.

ISSUE TWO—Whether State Farm's insurance policy should have been interpreted to permit the Plaintiffs to each recover $75,000 for their underinsured motorist claims?

PARTIES' CONTENTIONS—The Plaintiffs claim that the policy should not be interpreted to allow State Farm to set off the $25,000 paid to Naughton's Estate, and therefore each plaintiff should have been compensated $75,000 under the policy. State Farm says the "per accident" policy limitation clearly and unambiguously permits a set-off to all insured individuals,

---

**2.** This statute was amended in 1991 to change an internal reference to a statute that had been recodified.

**3.** The minimum amount of insurance coverage outlined in IC 9–2–1–15 is $25,000 per person, $50,000 per accident.

including compensation paid to a non-claimant such as Naughton's Estate.

CONCLUSION—The trial court interpreted State Farm's policy correctly.

Besides the $100,000 per person and $300,000 per accident limits, Paragraph 5 of State Farm's policy provided for a set-off:

"5. The most we pay any one insured is the lesser of:

a. the difference between the 'each person' limit of this coverage and the amount paid to the insured by or for any person or organization who is or may be held legally liable for the·bodily injury; or

b. the difference between the amount of the insured's damages for bodily injury and the amount paid to the insured by or for any person or organization who is or may be held legally liable for the bodily injury.

Subject to 5a. and 5b. above, the maximum amount payable to all insureds, under this coverage is the difference between the 'each accident' limit of liability of this coverage and the amount paid all insureds by or for any person or organization who is or may be held legally liable for the bodily injury."

*Record* at 113–14.

The language used in the paragraph following 5a and 5b, is a clarification of how payments to an insured by another person or organization responsible for the bodily injury is to affect compensation awarded under the policy. The Plaintiffs' interpretation of that clause would require a judicial redrafting of the clear and unambiguous language of the State Farm policy. That policy does not limit set-offs to insureds who have opted to make claims under the policy. It expressly allows a set-off for payments made to *"all* insureds". *Record* at 114. While the Naughton's Estate did not pursue a claim against State Farm, the estate was, nonetheless, an "insured" party under the policy, a fact the

Plaintiffs do not dispute. As such, State Farm was entitled to a set-off for the $25,000 amount paid to Naughton's Estate as permitted by the express and unambiguous language of the insurance contract. *See Tate v. Secura Ins.* (1990), Ind.App., 561 N.E.2d 814; *State Security Ins. Co. v. Ottinger* (1985), Ind.App., 487 N.E.2d 446.

Finally, the Plaintiffs argue that State Farm's policy limits are void because they violate the underinsured motorist statute, which they interpret as requiring coverage on a "per person" basis. An insurer, however, is free to limit liability to its insureds in any manner that is not inconsistent with public policy and which does not violate statutory mandates. *West American Insurance Co. v. McGhee* (1988), Ind.App., 530 N.E.2d 110, *trans. denied; Cincinnati Insurance Company v. Mallon* (1980), Ind.App., 409 N.E.2d 1100. State Farm's policy permits set-offs against all insureds regardless of whether they choose to make a claim. The result is the three plaintiffs recover $66,666.66, a figure comfortably between the maximum and minimum "per person" amounts to which each person is entitled under the underinsured motorist statute. As the limitation of coverage is not prohibited by nor incompatible with Indiana's underinsurance statute, the trial court did not err in concluding that the limitation was valid and entering declaratory judgment in favor of State Farm. *See Safeco Insurance Co. of America v. State Farm Mutual Automobile Insurance Co.* (1990), Ind.App., 555 N.E.2d 523, *trans. denied.*

Judgment affirmed.

SHIELDS and GARRARD, JJ., concur.