**Charles R. MEDLEY, Mary L. Medley, and Dennis Medley, as Personal Representative of the Estate of Michael Medley Appellants–Defendants,**

v.

**AMERICAN ECONOMY INSURANCE COMPANY, Appellee–Plaintiff.**

No. 64A03–9411–CV–419.

Court of Appeals of Indiana.

Aug. 14, 1995.

Transfer Denied Jan. 31, 1996.

Glen J. Tabor, Roger A. Weitgenant, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellants.

Robert D. Brown, Spangler, Jennings & Dougherty, P.C., Merrillville, for appellee.

---

**3.** McIver does not take issue with the propriety of any of the aggravating factors listed by the trial court.

## OPINION

HOFFMAN, Judge.

Appellants-defendants Charles R. Medley, Mary L. Medley, and Dennis Medley, as personal representative of the Estate of Michael Medley, (collectively referred to as "the Medleys") appeal from a declaratory judgment in favor of the appellee-plaintiff American Economy Insurance Company ("American Economy") in an action regarding insurance coverage limits for underinsured motorist benefits. The facts relevant to this appeal are undisputed.

On August 18, 1992, the Medleys were traveling northbound on Indiana State Road 49, when a vehicle driven by Roland J. Schoonover crossed the center line of the road and struck their vehicle head-on. Schoonover was insured by National General Insurance Company. Schoonover's policy contained liability coverage of $100,000.00 "per person" and $300,000.00 "per accident." National General has paid $100,000.00 to Charles and $100,000.00 to Michael. Mary's claim is currently unresolved and pending; however, the parties have stipulated, for purposes of this declaratory action, that both Charles' and Mary's claims exceed the $100,-000.00 "per person" limitation found in Schoonover's policy.

Charles and Mary have an insurance policy with American Economy which contains underinsured motorist coverage in the amounts of $250,000.00 "per person" and $500,000.00 "per accident." Neither Michael nor his estate has made or will make any claim against American Economy's insurance policy for underinsured motorist coverage.

On April 30, 1993, American Economy filed its complaint for declaratory relief. American Economy alleged in its complaint that under the provisions of its underinsured motorist coverage, it was entitled to offset the $300,000.00 paid by National General from the $500,000.00 "per accident" limit of liability. Following a hearing, the trial court entered a declaratory judgment in favor of American Economy. The Medleys now appeal.

The Medleys raise two issues on review:

(1) whether the trial court erred in determining that American Economy may offset its liability under Charles and Mary's underinsured motorist policy by the $300,000.00 paid by Schoonover's insurer, National General; and

(2) whether Charles and Mary's underinsured motorist policy is ambiguous.

The Medleys assert that the trial court erred in determining American Economy was entitled to set off its liability by the $300,-000.00 paid by National General from its insurance policy's $500,000.00 "per accident" limit of liability prior to making any payment under the "per person" provision of the policy. They contend that the set-off violates IND.CODE § 27–7–5–5 (1992 Supp.).

The underinsured motorist statute sets forth the minimum and maximum amount of coverage an insurance company is obligated to provide to a victim who has not been fully compensated for his injuries:

"(a) The policy or endorsement affording coverage specified in this chapter may provide that the total limit of all insurers' liability arising out of any one (1) accident shall not exceed the highest limits under any one (1) policy applicable to the loss but in no event may coverage be less than the minimum set forth in IC 9–25–2–5 [now IC 9–25–4–5].

\*    \*    \*    \*    \*    \*

(c) The maximum amount payable for bodily injury under uninsured or underinsured motorist coverage is the lesser of:

(1) the difference between:

(A) the amount paid in damages to the insured by or for any person or organization who may be liable for the insured's bodily injury; and

(B) the per person limit of uninsured or underinsured motorist coverage provided in the insured's policy; or

(2) the difference between:

(A) the total amount of damages incurred by the insured; and

(B) the amount paid by or for any person or organization liable for the insured's bodily injury."

IND.CODE § 27–7–5–5(a) and (c).

■ The Medleys argue that the statute does not allow American Economy to set off the $100,000.00 payment to Michael who is not making a claim against the underinsured motorist policy, thus, reducing the funds available to Charles and Mary from $300,-000.00 to $200,000.00. The Medleys' argument was rejected by this Court in *Gardner v. State Farm Mut. Ins. Co.* (1992), Ind.App., 589 N.E.2d 278, *trans. denied.*

In *Gardner,* Lipps, Riggs, and Naughton were passengers in an automobile driven by Gardner when Gardner's automobile was struck by another vehicle driven by Doty. Doty was insured by American States in the amount of $100,000.00. State Farm provided underinsurance to Gardner in the amount of $100,000.00 "per person" and $300,000.00 "per accident." After the collision, American States paid each of the claimants $25,000.00 thereby exhausting its liability. *Id.* at 279. Gardner, Lipps, and Riggs made claims against State Farm to recover underinsured motorist coverage. Naughton did not make a claim against State Farm. State Farm's policy contained a set-off provision for all liability payments made to its insureds. Hence, State Farm set off $100,000.00 from its $300,000.00 underinsured limit resulting in $200,000.00 remaining in underinsured motorist coverage. *Id.* at 279–280. The claimants argued that State Farm could not set off the $25,000.00 liability payment received by Naughton since Naughton was not making a claim for underinsured coverage. Also relying on IND.CODE § 27–7–5–5(c), the claimants asserted that the statute established a formula for determining the amount an insurer must pay and which clearly required coverage on a per person basis. *Id.* at 281. This Court rejected the claimants' argument:

"This language [IND.CODE § 27–7–5–5(c)] is indicative not of the legislature's intent to provide a set formula, but to provide maximum and minimum parameters for the amount of damages a plaintiff is entitled to as a result of an underinsured motorist claim. Thus, if by applying State Farm's 'per accident' provision, its coverage is still within these statutory parameters, the policy does not violate the underinsured motorist statute...."

*Id.* at 281.

In the present case, American Economy's underinsured motorist coverage permits the $300,000.00 in liability payments to be set off from the $500,000.00 underinsured limit. Assuming that both Mary and Charles have equal injuries in excess of $200,000.00, $100,-000.00 is available to each in underinsured motorist coverage. The application of American Economy's set-off provision permits Charles and Mary to recover in excess of the statutory minimum; hence, the set-off "is not prohibited by nor incompatible with Indiana's underinsured motorist statute." *See id.* at 282.

■ The Medleys further argue that the language of the statute allows a set-off only for amounts paid to the individual insured and not the total amount paid to all individuals. Specifically, they contend that the intent of the legislature is evidenced by the use of the term "insured" rather than the plural "insureds." It is a well-settled rule of statutory construction that words used in their singular include also their plural. *See* IND. CODE § 1–1–4–1(3) (1992 Supp.); *Sharpe v. Baker* (1911), 51 Ind.App. 547, 569–570, 99 N.E. 44, 46. More importantly, as long as American Economy's underinsured motorist coverage falls within the parameters of IND. CODE § 27–7–5–5, it is the language of the insurance policy which governs liability coverage. *See Gardner,* 589 N.E.2d at 282. American Economy's underinsured motorist coverage provided for a set-off of all liability payments. Hence, American Economy can now set off the $300,000.00 liability payment made by National General, Schoonover's insurance carrier, in the amount of $300,000.00 from its underinsured limit of $500,000.00.

■ The Medleys also assert that American Economy's underinsured motorist policy is ambiguous. In pertinent part, the policy provides:

*"Limit of Liability*

\*    \*    \*    \*    \*    \*

B. If the limit of liability is shown separately for each person and each accident, then the limit of liability shown in the declarations for each person for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of 'bodily injury' sustained by any one person in any one auto accident. *Subject to this limit for each person, the limit of 'bodily injury' liability shown in the declarations for each accident for Uninsured/Underinsured Motorists Coverage is our maximum limit for all damages for 'bodily injury' resulting from any one auto accident.* The limit of 'property damage' liability shown in the declarations for each accident for Uninsured Motorists Coverage is our maximum limit for all 'property damage' resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. 'Insureds;'

2. Claims made;

3. Vehicles or premiums shown in the declarations; or

4. Vehicles involved in the accident.

C. *The limit of liability will be reduced by all sums paid because of the 'bodily injury' or 'property damage' by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A of this policy."* (Emphasis added.)

This policy language is clear and unambiguous. Section B sets forth the maximum limit of liability for the "per accident" limit for underinsured motorist coverage, $500,000.00, regardless of the number of insureds or claims made. Section C provides a set-off from this maximum limit for "all sums paid" because of bodily injury by persons who may be legally responsible, Schoonover's insurer National General.

The trial court did not err in determining that American Economy may offset its liability under the underinsured motorist policy by the $300,000.00 paid by National General.

The grant of declaratory judgment is affirmed.

Affirmed.

GARRARD and RUCKER, JJ., concur.